IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM, )
) **CRIMINAL CASE NO. CM0556-11**
vs. )
) **DECISION AND ORDER**
NEFOS NIKKEPWI, )
)
        Defendant. )
)

## INTRODUCTION

This matter came before the Honorable James L. Canto II on the Defendant's motion to dismiss, filed November 23, 2012. Oral arguments were denied on February 11, 2013. Assistant Attorney General James C. Collins, Esq. appeared on behalf of the Government and Assistant Public Defender Suresh Sampath, Esq. represented the Defendant. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On May 4, 2011, the Government filed a complaint to charge Defendant with driving under the influence of alcohol, improper storage of an open container and driving without a license on or about July 24, 2010. On May 17, 2011, the Court entered a summons for Defendant to appear on June 15, 2011.[1] Defendant failed to appear and the Court entered a second summons for Defendant to appear on July 20, 2012, or seventy-seven (77) days after the complaint was filed.[2] Defendant failed to appear and the Court entered a third summons for Defendant to appear on September 21, 2011.[3] Defendant failed to appear and on September 29, 2011, the Court entered a bench warrant to procure Defendant's presence.

On April 11, 2012, the bench warrant was served upon Defendant and the Court entered

---

[1] The record contains no affidavit that this first summons was served or not served upon Defendant.
[2] The record contains no affidavit that this second summons was served or not served upon Defendant.
[3] The record contains no affidavit that this third summons was served or not served upon Defendant.



a commitment order to confine him until a return of warrant hearing on April 23, 2012. Defendant was appointed counsel and released at the return of warrant hearing on April 23, 2012. He was subsequently arraigned on April 30, 2012.

On November 23, 2012, Defendant filed the present motion to dismiss, arguing he was not promptly arraigned within sixty (60) days of the complaint pursuant to *People v. Rasauo*, 2011 Guam 14. Defendant posits that the delay is not excused by good cause and that the complaint should be dismissed with prejudice. The Government argues that judicial delay and the bench warrant constitute good cause to excuse the untimely arraignment and that the complaint can only be dismissed with prejudice when the Defendant suffers from actual prejudice, bad faith or misconduct.

## DISCUSSION

Under Guam law, "unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *Rasauo*, 2011 Guam 14 ¶ 16. This rule applies "the statutory speedy trial time period delineated in 8 GCA § 80.60(a)(3)," to the prompt arraignment requirement delineated in 8 GCA § 60.10(a). *Id.* Good cause to delay a prompt arraignment is determined by the specific circumstances of each case. *Id.* at ¶ 14.

### 1. Good Cause to Delay Prompt Arraignment

Guam law does not describe the specific circumstances that constitute good cause to delay a prompt arraignment. In *People v. Stephen*, 2009 Guam 8 ¶ 32, the Supreme Court explained: "the prompt arraignment requirement of 8 GCA § 60.10(a) is a statutory expression of the speedy trial right," and a speedy trial may be delayed by the following good causes: 1) conduct of the defendant; 2) delay that benefits the defendant; 3) unforeseen circumstances; and 4) prompt disposition of pretrial motions. *See e.g. People v. Flores*, 2009 Guam 22 ¶ 40; *Carver v. Superior Court*, 1998 Guam 23 ¶ 11; *Quinata v. Superior Court*, 2010 Guam 8 ¶ 36.

In this case, Defendant was arraigned on April 30, 2012 and more than 60 days after the complaint was filed on May 4, 2011. An initial delay was caused by the Court's calendar of the first appearance seventy-seven (77) days after the complaint was filed because there was no



proof that Defendant was served with a first and second summons to appear. The Government contends this delay is excusable for good cause because it is not attributable to prosecutorial delay. The Court does not agree. Pursuant to *Rasauo*, 2011 Guam 14 ¶ 12, courts, judicial officers and prosecuting attorneys all share a duty under the constitutional guarantee to promptly dispose criminal charges. *Id.* (*citing Strunk v. U.S.*, 412 U.S. 434, 439, n. 2 (1973) and 8 GCA § 80.50(a)).[4] For this reason, the untimely arraignment is not excused by more than 77 days of judicial delay and the complaint shall be dismissed pursuant to *Rasauo*, 2011 Guam 14.[5]

**2. Dismissal With or Without Prejudice**

Guam law does not specify whether dismissal with prejudice or dismissal without prejudice is the appropriate remedy for a violation of 8 GCA § 60.10(a) and *Rasauo*, 2011 Guam 14. The prompt arraignment requirement is an expression of the speedy trial right. *Stephen*, 2009 Guam 8 ¶ 32. Absent clear guidance to dismiss an untimely arraignment with or without prejudice, the Court shall consider the established speedy trial analyses in order to more consistently weigh the circumstances of an untimely arraignment. *See Id.* at ¶ 21 (an established rule or forewarning may be required to dismiss with prejudice).

Under Guam law, the Court must consider the following relevant factors to determine whether a delay violates the Sixth Amendment right to a speedy trial: 1) the length of the delay; 2) the reason for the delay; and 3) the presence or absence of prejudice resulting from the delay. *People v. Flores*, 2009 Guam 22 ¶¶ 41-42 (*citing Barker v. Wingo*, 407 U.S. 514, 521 (1972)). When federal time limits to begin trial are violated, the following factors determine whether to dismiss the prosecution with or without prejudice: 1) the seriousness of the offense; 2) the facts and circumstances that led to dismissal; 3) the impact of reprosecution on the administration of federal time limits and the administration of justice; and 4) the prejudice suffered by the

---

[4] *People v. Julian*, 2012 Guam 26 ¶ 22, entered before the present motion briefing closed, provides further instruction. "For purposes of prompt arraignment under section 60.10(a) and *Rasauo II* delay, we attribute the court's delay to the People." *Id.* at ¶ 35.

[5] Subsequent delays were caused by an inability to serve the Defendant with a third summons and a bench warrant, but this additional delay is immaterial to the Court's analysis as the 77 day delay is not excusable for good cause.

ORIGINAL

defendant from the delay. *See U.S. v. Perez,* Crim. No. 09–00025, 2011 WL 2294194, at *3 (D. Guam Jun. 8, 2011) (*citing* 18 U.S.C. § 3162(a)(2); *U.S. v. Taylor,* 487 U.S. 326, 336-337, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1998); and *U.S. v. Lewis,* 518 F.3d 1171, 1176 (9th Cir. 2010)).

In this case, Defendant was arraigned on April 30, 2012, almost one year after the complaint was filed on May 4, 2011. The length of this delay may give rise to a presumption of prejudice. *Flores,* 2009 Guam 22 ¶ 49. The delay was caused, in part, by judicial calendaring and the responsibility for this delay weighs against the Government. *Id.* at ¶¶ 45-46. Another possible cause for the delay may have been an inability to locate and serve Defendant, but the entire record is devoid of the information necessary to determine whether this delay was deliberate, negligent or justified; and the responsibility for the delay does not weigh in favor of either party. *Id.* Most importantly, there is no actual prejudice suffered by the delay in this matter. Although Defendant spent twelve (12) days in pre-trial incarceration, he does not allege or demonstrate that this time was oppressive or caused particular anxiety and concern. *Id.* at ¶¶ 49-51 (five years of pre-trial incarceration does not establish constitutional violation without particulars of prejudice). Finally, Defendant does not allege that the delay has impaired his defense. *Id.* at 52-56. These circumstances weigh against a constitutional violation and against the Defendant's request for dismissal with prejudice.

Furthermore, a dismissal without prejudice is warranted in light of the relatively less serious misdemeanor and petty misdemeanor offenses, the aforementioned slight impact of the delay, the absence of clear Government neglect, and the aforementioned absence of prejudice suffered by Defendant. *See Perez,* 2011 WL 2294194, at *3-8. For all of these reasons, the complaint shall be dismissed without prejudice.

///

///

///

ORIGINAL

## CONCLUSION

Based upon the foregoing, the Defendant's motion to dismiss is hereby GRANTED and the complaint is dismissed without prejudice for the failure to promptly arraign the Defendant pursuant to 8 GCA § 60.10(a) and *People v. Rasauo*, 2011 Guam 14.

SO ORDERED this ___19TH___ day of April, 2013.

_____
HON. JAMES L. CANTO II
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

APR 2 ... 2013

James R. Borja
Deputy Clerk, Superior Court of Guam

ORIGINAL